■ In the Matter of GENESEE AND WYOMING RAILROAD COMPANY, Respondent, v MYRON O. BRADY, SR., Appellant, et al., Respondents. [760 NYS2d 792] —Appeal from a judgment of Supreme Court, Livingston County (Siracuse, J.), entered May 30, 2002, which awarded respondent Myron O. Brady, Sr., $12,200 in damages, less an advance payment, arising from petitioner's acquisition by eminent domain of a permanent easement across his farmland.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Myron O. Brady, Sr. (respondent) appeals from a judgment awarding him $12,200 in damages, less an advance payment, arising from petitioner's acquisition by eminent domain of a permanent easement across his farmland

for purposes of constructing, operating and maintaining a railroad spur. Several years before the trial on damages that resulted in the judgment on appeal, Supreme Court granted the underlying condemnation petition and ordered petitioner to acquire an easement from Shaker Farms Corporation (Shaker Farms) for the purpose of providing respondent access to that part of his farmland cut off by the taking. The court additionally ordered petitioner to acquire an access easement from Shaker Farms for the benefit of another landowner adversely affected by the taking. The acquisition maps filed with the order granting the condemnation petition indicates both rights-of-way. Petitioner's agreement with Shaker Farms providing for the required easements additionally obligated petitioner to keep one of the two grade crossings open "each year during the period [from] May 1 to October 31 * * * for use and benefit of [Shaker Farms]."

We reject respondent's contention that the agreement with Shaker Farms authorizes petitioner to block respondent's access during the period from May 1 to October 31 and that the court therefore erred in failing to award respondent additional damages. Petitioner's obligations to Shaker Farms under the agreement do not alter petitioner's obligations to respondent under the court's order, which unequivocally directs petitioner to provide respondent with unqualified access (*see Herman v Roberts*, 119 NY 37, 42-43 [1890]; *see also Lewis v Young*, 92 NY2d 443, 449-450 [1998]). As the court properly noted, if the agreement violates the order, the remedy is enforcement of the order, not to "[choose] to stay silent about [the alleged violation] * * * [and then] claim substantial money damages as a result." In any event, it was uncontradicted at trial that respondent's right of passage has been unimpeded since the taking.

In light of our determination, we reject respondent's contentions concerning the modification of the agreement by petitioner on the eve of trial. We further conclude that petitioner's appraiser properly determined respondent's damages based upon the scope of the taking at the time thereof (*see Wolfe v State of New York*, 22 NY2d 292, 295 [1968]). We have considered respondent's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.